## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **TOBIUS DARELL FIELDS** <br>     **La. DOC #444290** <br> VS. <br><br> **RIVERBEND DETENTION CENTER,** <br> **PHASE II, ET AL.** | **CIVIL ACTION NO. 08-1232** <br><br> **SECTION P** <br> **JUDGE JAMES** <br><br> **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Tobius Darell Fields, proceeding *in forma pauperis*, filed the instant civil rights complaint on July 28, 2008. On October 9, 2008, the undersigned completed an initial review and directed plaintiff to amend his complaint to provide additional information within 30 days. [rec. doc. 13] Thereafter, on November 17, 2008, plaintiff requested appointment of counsel. [rec. doc. 14] On January 20, 2009, the undersigned denied plaintiff's request for appointment of counsel and again directed him to amend his complaint as previously ordered within 30 days of that later date, or prior to February 23, 2009. [rec. doc. 15] Plaintiff has not responded.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Plaintiff has been twice ordered to amend his complaint; he has failed to do so.

Therefore, **IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**IN THE EVENT THAT PLAINTIFF OBJECTS TO THIS REPORT AND RECOMMENDATION, HE SHOULD PROVIDE, WITH HIS OBJECTION, A RESPONSE TO THE MEMORANDUM ORDERS OF OCTOBER 9, 2008 [REC. DOC. 13] AND JANUARY 20, 2009 [REC. DOC. 15]**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, April 22, 2009.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE